**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ACCELOR CORP., D/B/A SUPPLY RISK SOLUTIONS, AND PATRICK BRENNAN,<br><br>Plaintiffs,<br><br>v.<br><br>MAYO FOUNDATION FOR MEDICAL EDUCATION AND RESEARCH, MAYO CLINIC, HEALTHCARE INDUSTRY RESILIENCE COLLABORATIVE ASSOCIATION, AND JESSE M. SCHAFER,<br><br>Defendants. | ) | C.A. No. 25-992-JLH |

**<u>MEMORANDUM ORDER</u>**

Pending before the Court is "Defendants' Renewed Motion to Dismiss Amended Complaint or Transfer Case Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3)." (D.I. 46.) For the reasons below, the motion will be granted insofar as it seeks transfer of the claims against Defendants Mayo Foundation for Medical Education and Research ("MFMER"), Mayo Clinic, and Jesse M. Schafer ("Schafer"). As explained below, the parties should meet and confer and advise the Court how they want to proceed with the remainder of the claims against Defendant Healthcare Industry Resilience Collaborative, Association ("HIRC").

1. Plaintiffs Accelor Corp., D/B/A Supply Risk Solutions ("SRS") and Patrick Brennan filed this action on August 7, 2025. (D.I. 1.) Defendants moved to dismiss for lack of personal jurisdiction or, in the alternative, to transfer to the District of Minnesota. (D.I. 18.) Plaintiffs then filed an amended complaint. (D.I. 35.) The amended complaint has ten counts including counts for patent infringement (against all Defendants), a count for breach of a 2019 "Master Agreement" between SRS and MFMER ("2019 Master Agreement") (against MFMER,

Mayo Clinic, and Schafer), a count for breach of a 2022 "Sponsorship and Collaboration Agreement" between SRS and HIRC ("HIRC Agreement") (against HIRC), a count under the Federal Defend Trade Secrets Act (against all Defendants), and five counts under state law (against all Defendants). After Plaintiffs filed the amended complaint, Defendants filed a renewed motion to dismiss and/or transfer. (D.I. 46.)

2. Defendants MFMER, Mayo Clinic, and Schafer contend that the Court lacks personal jurisdiction over them. I agree.[1] Now that Defendants have raised a jurisdictional defense, it is Plaintiffs' burden to prove "by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). Plaintiffs did not

[1] A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Although Rule 8 does not require a plaintiff to set forth in the complaint "the grounds upon which the court has personal jurisdiction over the defendant," *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. 1995), "once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). But if the district court does not hold an evidentiary hearing, the court should resolve any factual disputes in the plaintiff's favor and should deny the motion if the plaintiff's evidence establishes "a prima facie case of personal jurisdiction." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010).

To exercise personal jurisdiction over a defendant, a court generally must answer two questions: one statutory and one constitutional. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258–59 (3d Cir. 1998); *Acorda Therapeutics, Inc. v. Mylan Pharm. Inc.*, 78 F. Supp. 3d 572, 580 (D. Del. 2015), *aff'd*, 817 F.3d 755 (Fed. Cir. 2016). The statutory inquiry requires the court to determine whether jurisdiction over the defendant is appropriate under the long-arm statute of the state in which the court is located. *IMO Indus.*, 155 F.3d at 259.

The constitutional inquiry asks whether exercising jurisdiction over the defendant comports with the Due Process Clause of the U.S. Constitution. *Id.* Due Process is satisfied where the court finds the existence of "certain minimum contacts" between the defendant and the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A defendant's "contacts" with the forum state can give rise to "two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 582 U.S. 255, 262 (2017); *see also Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001).

request jurisdictional discovery. And Plaintiffs have not met their burden to show by affidavits or other evidence that jurisdiction is proper.

3. I'll start with Schafer. Again, the amended complaint charges him with breach of a contract (to which he is not a party), as well as patent infringement, trade secret misappropriation, and other torts arising under state law. Schafer lives and works in Minnesota. He is the Executive Director of Defendant HIRC (a Delaware non-profit corporation with a principal place of business in Minnesota) and a Senior Manager of Defendant Mayo Clinic (a Minnesota corporation with a principal place of business in Minnesota). The uncontroverted evidence of record reflects that Schafer has never been to Delaware in his life. (D.I. 49 ¶ 4.) Plaintiffs nevertheless contend that jurisdiction is proper under the Delaware Officer Consent Statute, 10 Del. C. § 3114(b), by virtue of Schafer's status as an Executive Director of a Delaware corporation. Assuming (for purposes of the argument only) that Schafer is an "officer" within the meaning of § 3114(b), and assuming (again, for purposes of the argument only) that the other requirements of the statute are nominally satisfied, exercising jurisdiction over Schafer does not comply with due process because there are no minimum contacts between Schafer and Delaware. Plaintiffs are not from Delaware, and Schafer's actions purportedly giving rise to the claims all took place outside of Delaware. The tort claims alleged against Schafer do not involve HIRC's status as a corporate citizen of Delaware, corporate governance practices, or Schafer's fiduciary duties. *Cf. BAM Int'l, LLC v. MSBA Grp. Inc.*, No. 2021-0181, 2021 WL 5905878, at *12–14 (Del. Ch. Dec. 14, 2021) (dismissing case for lack of personal jurisdiction where "Delaware has no real interest in this case other than the exercise of personal jurisdiction over officers and directors, which is, in my view, insufficient in light of the constitutional due process rights owed to the [individual defendant officers]"). Specific personal jurisdiction does not lie under § 3114(b).

4. Plaintiffs alternatively argue that the Court may exercise jurisdiction over Schafer because the HIRC Agreement—which Schafer signed on behalf of HIRC—contains a Delaware forum selection clause. That argument is a non-starter. Schafer is not a signatory to the agreement individually, and he lacks minimum contacts with Delaware. Plaintiffs argue that Schafer is "closely related" to the agreement such that he should be bound by the forum selection clause. *See Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015) ("Delaware courts have set forth a three-part test for determining whether a non-signatory to an agreement should be bound by its forum selection clause: (1) is the forum selection clause valid, (2) is the non-signatory a third-party beneficiary of the agreement or closely related to the agreement, and (3) does the claim at hand arise from the non-signatory's status related to the agreement?"). As I have previously remarked, however, "I have serious questions about the constitutionality of using the 'closely related' test to exercise personal jurisdiction over a non-signatory to a contract with a forum selection clause." *Truinject Corp. v. Nestle Skin Health, S.A.*, No. 19-592-LPS-JLH, 2019 WL 6828984, at *11 (D. Del. Dec. 13, 2019). In any event, the "closely related" test is not satisfied here. A non-signatory defendant is considered to be "closely related" to an agreement with a forum selection clause only if one of two inquiries is satisfied: (1) the non-signatory received a "direct benefit" from the agreement; or (2) it was "foreseeable" that the non-signatory would be bound by the agreement. *Eastman Chem. Co. v. AlphaPet Inc.*, No. 09-971, 2011 WL 6004079, at *9 (D. Del. Nov. 4, 2011); *Neurvana Med., L.L.C. v. Balt USA, L.L.C.*, No. 2019-0034, 2019 WL 4464268, at *4 (Del. Ch. Sept. 18, 2019); *BAM Int'l*, 2012 WL 5905878, at *13–14. Neither of those inquiries is satisfied here. The Court lacks personal jurisdiction over Schafer.

5. I turn next to MFMER and Mayo Clinic ("Mayo Defendants"). The Mayo Defendants are incorporated in Minnesota and have their principal places of business in Minnesota.

None of the alleged conduct giving rise to the claims took place in Delaware. Plaintiffs nevertheless say that the Court can exercise personal jurisdiction over the Mayo Defendants because they "operated HIRC," a Delaware Corporation, "as an alter ego." (D.I. 58 at 14.) I reject that argument. Using the alter ego theory to establish personal jurisdiction is a rare method applied sparingly by Delaware courts. *See MacQueen v. Union Carbide Corp.*, No. 13-831, 2014 WL 6809811, at *5–6 (D. Del. Dec. 3, 2014). Plaintiffs acknowledge that to apply the alter ego theory they must show some level of fraud, injustice, or inequity. But Plaintiffs' alter ego allegations are conclusory, and nothing in the evidence submitted to the Court (which the Court has reviewed in the light most favorable to Plaintiffs) suggests any fraud, injustice, or inequity.[2]

6. Plaintiffs alternatively contend that the Court can exercise personal jurisdiction over the Mayo Defendants because "HIRC acted as Mayo's agents." (D.I. 58 at 14.) Unlike the alter ego theory, which looks to whether two companies are really one and the same, the agency theory looks to the degree of control a parent company has over a subsidiary to determine whether the actions of the subsidiary can be attributed to the parent. *See Nespresso USA, Inc. v. Ethical Coffee Co. SA*, 263 F. Supp. 3d 498, 505 (D. Del. 2017). "To determine whether an agency relationship exists, a court will examine the following factors: 'the extent of overlap of officers and directors, methods of financing, the division of responsibility for day-to-day management, and the process by which each corporation obtains its business.'" *Id.* (quoting *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1463 (D. Del. Sept. 6, 1991)). Plaintiffs' agency theory fails, for many reasons. For one thing, the uncontroverted evidence of record shows that HIRC is

[2] Indeed, both sides submitted evidence suggesting that HIRC "is a consortium of leading health care providers and suppliers who share a common mission" (D.I. 59, Ex. A), and that Defendant Mayo Clinic appoints only one of HIRC's fifteen Directors. (D.I. 49 ¶ 24–28.)

not a subsidiary of either of the Mayo Defendants, nor are HIRC and either of the Mayo Defendants related arms of the same business group. It is true that Schafer works for both HIRC and the Mayo Clinic, but that by itself is not enough to demonstrate corporate agency. What's more, Plaintiffs have not alleged any acts by HIRC in Delaware that could be attributed to the Mayo Defendants, or even any acts by HIRC in Delaware. *See EBG Holdings LLC v. Vredezicht's Gravenhage 109 B.V.*, No. 3184, 2008 WL 4057745, at *11 (Del. Ch. Sept. 2, 2008) ("Under the agency theory of personal jurisdiction, only acts of the agent that are directed by the principal may serve as a basis to assert jurisdiction over the principal." (quoting *Comput. People, Inc. v. Best Int'l Group, Inc.*, No. 16648, 1999 WL 288119, at *8 (Del.Ch. Apr.27, 1999))). Plaintiffs have failed to demonstrate personal jurisdiction over the Mayo Defendants.

7. No one disputes that this Court has personal jurisdiction over HIRC.

8. The question now becomes how to proceed. Defendants say that I should transfer the entire case to the District Court for the District of Minnesota.[3] Plaintiffs do not dispute that this entire action could have originally been brought in the District of Minnesota and thus could be transferred there; Plaintiffs argue only that the entire case should stay here. (D.I. 58 at 18–20.) For the reasons already stated, the entire case cannot proceed here. But it is possible that one or more of Plaintiffs' claims against Defendant HIRC is subject to a Delaware forum selection clause. Defendant HIRC consents to litigate all of Plaintiffs' claims in Minnesota (D.I. 49 ¶ 20), but I do not know Plaintiffs' position about which claims against HIRC are subject to the forum selection

[3] Defendants seek transfer under 28 U.S.C. § 1404, but 28 U.S.C. § 1631 is the more appropriate transfer statute. *See* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.").

clause and whether Plaintiffs think those claims should be severed and remain in Delaware. *See D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 110 (3d Cir. 2009) ("[S]ection 1631 permit[s] the transfer of all or only part of an action.").

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' Renewed Motion to Dismiss Amended Complaint or Transfer Case Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) (D.I. 46) will be GRANTED insofar as it seeks transfer of the claims against Defendants Mayo Foundation for Medical Education and Research, Mayo Clinic, and Jesse M. Schafer.

IT IS FURTHER ORDERED that, on or before October 13, 2026, the parties shall meet and confer and file a joint letter stating whether Plaintiffs agree that the entire case may be transferred given the Court's ruling that it lacks personal jurisdiction over Defendants Mayo Foundation for Medical Education and Research, Mayo Clinic, and Jesse M. Schafer. Should Plaintiffs disagree, the parties should set forth their respective positions regarding how the Court should proceed.

Dated: September 29, 2026

The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE